UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WALTER E. FLOYD., JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FEDERAL BUREAU OF PRISONS, *et al.*, ) <br> ) <br> Defendants. ) <br> / | 3:11-cv-00084-RCJ-VPC <br><br> **ORDER** |

  Plaintiff, who is represented by counsel, has filed a civil rights complaint and seeks relief pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

  In this case, none of the defendants reside in this district. The events giving rise to plaintiff's claims arose at the Federal Correctional Institution, Terminal Island, in Los Angeles County,

California, which is located within the Central District of California.  Therefore, plaintiff's claim should have been filed in the United States District Court for the Central District of California.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1404(a);  *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974).

**IT IS THEREFORE ORDERED** that this matter is **TRANSFERRED** to the United States District Court for Central District of California, Roybal Federal Building, 255 East Temple Street, Los Angeles, California, 90012.

Dated this _ 11th   _ day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE